IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**STATE FARM LIFE INSURANCE**  **PLAINTIFF**
**COMPANY**

**V.**  **CAUSE NO. 3:21-CV-50-CWR-LGI**

**ROSIE KING; ASHLEY KING FOX;**  **DEFENDANTS**
**KEUNDREIAH BURNS; A.K.,** *Care of*
*Ashley King Fox, Natural Mother and*
*Guardian of A.K., a Minor*; **C.K.,** *Care of*
*Loshandra King, Natural Mother and*
*Guardian of C.K., a Minor*; **&**
**LOSHANDRA KING**

## ORDER

A variety of motions are before the Court. *See* Docket Nos. 19-20 & 29-30. On review, (1) C.K.'s motion for disbursement of funds will be granted; (2) C.K.'s motion for summary judgment will be granted; (3) Ashley King Fox's motion to join in the summary-judgment motion will be granted as unopposed; and (4) Ashley King Fox's motion for disbursement of funds to A.K. will be granted as unopposed.

**I.      Factual and Procedural History**

In 2012, Willie Earl King, Jr. changed the beneficiary designation on his $500,000 life insurance policy. The new beneficiaries were as follows:

| NAME | RELATIONSHIP | AMOUNT |
|---|---|---|
| Loshandra King | Spouse | $120,000 |
| Rosie King | Parent | $170,000 |
| Keundreiah Burns | Step-daughter | $5,000 |
| C.K., a minor | Daughter | $100,000 |
| Ashley King | Daughter | $100,000 |
| A.K., a minor | Grandson | $5,000 |

In 2014, Mr. and Mrs. King divorced.

In 2020, the Mississippi Legislature passed a new law governing when an ex-spouse can receive life insurance benefits of a deceased. *See* Miss. Code Ann. § 91-29-23.

Later that year, Mr. King passed away.

State Farm paid Rosie King, Keundreiah Burns, and Ashley King (also known as Ashley Nicole King Fox or Ashley King Fox) the amounts due under the life insurance policy. It withheld payment from Loshandra King, though, because it was uncertain about the application of § 91-29-23. State Farm also withheld the sums owed to the minor children, since neither had a guardianship set up to accept the funds. This interpleader suit followed.[1]

State Farm paid the remaining ~$225,000 into the Court's registry, thereby securing a dismissal for itself. *See* Docket No. 18. The primary question now is whether Loshandra King is entitled to the $120,000 listed on the beneficiary designation, or instead whether that sum should be redistributed to Mr. King's Estate.

C.K. argues, through her court-appointed guardian ad litem, that her father's designation of $120,000 for Loshandra King was invalidated by § 91-29-23. She seeks to have that amount redistributed to the Estate. Ashley King Fox joins this request. Loshandra King opposes the motion.

C.K. also argues that her $100,000 share should be distributed to her counsel's trust account. Loshandra King opposes the motion.

Each issue will be adjudicated below.

---

[1] Because this case is proceeding in diversity, the applicable substantive law is that of the forum state, Mississippi. *Capital City Ins. Co. v. Hurst*, 632 F.3d 898, 902 (5th Cir. 2011). State law is determined by looking to the decisions of the state's highest court. *St. Paul Fire and Marine Ins. Co. v. Convalescent Services, Inc.*, 193 F.3d 340, 342 (5th Cir. 1999).

**II.     Legal Standard**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking to avoid summary judgment must identify admissible evidence in the record showing a fact dispute. *Id.* at 56(c)(1). "Once a summary judgment motion is made and properly supported, the nonmovant must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. Neither 'conclusory allegations' nor 'unsubstantiated assertions' will satisfy the nonmovant's burden." *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (quotation marks and citations omitted).

**III.     Discussion**

Mississippi Code § 91-29-23 provides, in relevant part, that:

> (a) If a decree of divorce or annulment is rendered after an insured has designated the insured's spouse as a beneficiary under a life insurance policy in force at the time of rendition, a provision in the policy in favor of the insured's former spouse is not effective unless:
>   (1) The decree designates the insured's former spouse as the beneficiary;
>   (2) The insured redesignates the former spouse as the beneficiary after rendition of the decree; or
>   (3) The former spouse is designated to receive the proceeds in trust for, on behalf of, or for the benefit of a child or a dependent of either former spouse.
>
> (b) If a designation is not effective under subsection (a), the proceeds of the policy are payable to the named alternative beneficiary or, if there is not a named alternative beneficiary, to the estate of the insured.

Miss. Code Ann. § 91-29-23. The statute is modeled on a Texas law. *See Branch v. Monumental Life Ins. Co.*, 422 S.W.3d 919, 923 (Tex. App. 2014). This Court has found no Mississippi case to speak on this new statute, nor have the parties pointed us to any.

The Mississippi Supreme Court has instructed that before engaging in statutory interpretation, "we look to the statute to determine whether interpretation is necessary, that is,

whether the language is plain, unambiguous, and in need of no interpretation. If so, we need go no further." *Pat Harrison Waterway Dist. v. County of Lamar*, 185 So. 3d 936, 946 (Miss. 2015).

In this case, an application of the plain language of the statute suggests that Mr. King's designation of Loshandra King was invalidated by their divorce. Their divorce decree was formally rendered in 2014, after he designated her as a beneficiary under the policy, and none of the three exceptions present in the statute apply.

Loshandra King first contends that the Court should use their date of separation—2011—instead of their date of divorce. This is essentially an argument that because Mr. King designated Loshandra as a beneficiary post-separation but pre-divorce, that she qualifies as a beneficiary under (a)(2) of the statute.

The problem with this reading, however, is that the statute speaks to when a divorce was formally rendered, rather than the date the parties were separated. The argument is unavailing.

Loshandra King then contends that Mr. King substantially complied with the requirements to change the beneficiaries of his insurance policy when, days before his death, he revised his will. The relevant section of his will states: "It is my wish that all proceeds from my life insurance policy be divided equally amongst my family . . . ." Docket No. 24-3 at 3. She also has obtained an affidavit from Mr. King's executor who states that "Willie wanted Loshandra to receive the $120,000 life insurance benefits." Docket No. 27-1.

Under State Farm's policy, though, Mr. King's will was not an effective means of changing his life insurance beneficiary designation, because it was not received by the company while Mr. King was alive. The same conclusion follows for the executor's affidavit.

Lastly, Loshandra King contends in a sentence that § 91-29-23 is an unconstitutional deprivation of her due process rights. That cursory argument is not enough to disregard or invalidate a state statute.

For these reasons, the Court concludes that C.K.'s motion for summary judgment should be granted; that the $120,000 designated for Loshandra King was invalidated by divorce; and that the sum must instead be provided to Mr. King's Estate.

As for who should get C.K.'s money, this Court is persuaded that the Clerk of Court should issue the ~$100,000 check to C.K.'s court-appointed attorney and guardian ad litem. That attorney will deposit the money in an appropriate interest-bearing account and otherwise do what is required by state law and the Chancery Court. The presiding Chancellor shall have continuing jurisdiction to resolve any subsequent disputes regarding this sum.

## IV. Conclusion

C.K.'s motion for disbursement of funds is granted. C.K.'s motion for summary judgment is granted. Ashley King Fox's motions are granted as unopposed.

The Clerk of Court shall remit $100,000, plus any accrued interest, to the Goliday Law Firm and mail such to the address listed on the docket sheet.

The Clerk of Court shall remit $5,000, plus any accrued interest, to "A.K., care of Ashley King Fox" and mail such to Ms. Fox's address on the docket sheet.

The balance of the interplead funds shall remain in the Court's accounts, and this case shall remain open, until an Agreed Order is presented remitting the entirety of the balance to Mr. King's Estate.

**SO ORDERED**, this the 3rd day of March, 2022.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE